E-FILED
Wednesday, 02 April, 2008  03:23:06 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER WHEATLEY,　　　　)
　　　　　　　　　　　　　　)
　　　　　　　Petitioner,　　　)
　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　)　　　　Case No. 07-1090
　　　　　　　　　　　　　　)
DONALD HULICK, Warden,　　　)
　　　　　　　　　　　　　　)
　　　　　　　Respondent.　　)

# O R D E R

Now before the Court is Petitioner, Christopher Wheatley's ("Wheatley"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Petition [#5] is DENIED.

## FACTUAL BACKGROUND

Following a jury trial in the Circuit Court of Peoria County, Illinois, Wheatley was convicted of second-degree murder and attempted first-degree murder.  On October 6, 2002, he was sentenced to 15 and 26 years' imprisonment respectively.

Wheatley appealed to the Illinois Appellate Court, Third District, arguing that the trial court abused its discretion in excluding evidence of the murdered victim's gang affiliation.  His sentence was affirmed on September 23, 2003.  Wheatley filed a Petition for Leave to Appeal to the Illinois Supreme Court raising this same claim, but his petition was denied on January 28, 2004.

In August 2004, Wheatley filed a post-conviction petition in the trial court.  In his petition, he raised essentially four claims: (1) the trial court erred in refusing to instruct the

jury on self-defense for the attempted murder charge; (2) the trial court erred in refusing to grant a jury instruction that petitioner had no duty to retreat – a non-aggressor instruction; (3) the prosecutor's closing argument appealed to the jurors' passions and prejudices and argued facts not in the record; and (4) his counsel was ineffective for failing to get evidence of the victim's gang affiliation before the jury, failing to get the non-aggressor instruction by misapprehending the facts and law, and failing to preserve claims (1) - (3) for appellate review.  The petition was denied as frivolous and patently without merit, and Wheatley appealed to the Illinois Appellate Court, Third District.  On appeal, he argued that the trial court erred in not giving the non-aggressor instruction, the prosecutor's argument was improper, and that counsel was ineffective for failing to secure the non-aggressor instruction and for failing to preserve the prosecutorial misconduct argument for appeal. The Appellate Court affirmed the dismissal of Wheatley's post-conviction petition. Wheatley pursued a Petition for Leave to Appeal to the Illinois Supreme Court, in which he argued: (1) the state appellate court erred in upholding the denial of his claim of self-defense; (2) the trial court committed plain error in allowing the prosecutor to make statements during closing arguments that were unsupported by the evidence; (3) the state appellate court erred in denying his claim that he was entitled to a jury instruction on a lesser offense; (4) his attempted-murder conviction should be reversed because the jury was not properly instructed on the necessary mental state; and (5) his trial counsel was ineffective for failing to get crucial evidence before the jury, misapprehending the facts and law, and failing to object to or file a post-trial motion against unfair tactics by the prosecutor. His petition was denied.

- 2 -

Wheatley then filed the present Petition for Writ of Habeas Corpus pursuant to §
2254.  In this Petition, he argues: (1) the appellate court erred in upholding the denial of his
claims of self-defense; (2) the trial court committed plain error in allowing the prosecutor
to make statements in his closing argument that were not supported by the evidence; (3)
the appellate court erred in refusing his claims that he was entitled to a lesser offense
instruction; (4) the jury was not properly instructed on the mental state for attempted
murder; (5) his counsel was ineffective for failing to get crucial evidence before the jury,
misapprehending the facts and law, and failing to object to the prosecutorial misconduct;
and (6) the trial court abused its discretion in sentencing him to 26 years' imprisonment for
attempted murder, as it was not proved beyond a reasonable doubt and both convictions
were the result of one act.  This Order follows.

## DISCUSSION

Before reaching the merits of a petition for writ of habeas corpus brought pursuant
to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all
available state remedies and whether the petitioner raised all his federal claims during the
course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), quoting
Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988).  If the answer to either of these
questions is "no," then the failure to exhaust state remedies or procedural default bars the
petition.  Id.  In other words, if a petitioner fails to give the state courts a full and fair
opportunity to review his claims, then his petition must fail.  Bocian v. Godinez, 101 F.3d
465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state
court for a ruling on the merits or when it could not be brought in state court because a

remedy no longer exists when the federal petition is filed.  Id.  In the present case, Respondent does not argue that Petitioner has failed to exhaust his state remedies.

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court.  Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992).  This occurs in one of two ways.  First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system. Resnover, 965 F.2d at 1458-59.  The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural.  Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991).

Federal review is barred for claims that are procedurally defaulted unless the petitioner can demonstrate cause and prejudice.  Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 1572-73 (1982); Farrell, 939 F.2d at 411.  Review in federal court is also possible if a fundamental miscarriage of justice would otherwise occur in that a constitutional error probably resulted in the conviction of someone who is actually innocent.  Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 864-67 (1995).

I.      **Procedurally Defaulted Claims**

As set forth above, Wheatley presents 6 different claims for relief.  However, in order for these claims to be addressed in a § 2254 proceeding, a petitioner must first establish that he has fully and fairly presented his claims to the state courts by giving them a meaningful opportunity to consider the substance of any such claims in one complete round

of state court review.  Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003), *citing*

Chambers v. McCaughtry, 264 F.3d 732, 737 (7th Cir. 2001).

Here, the claim that the trial court abused its discretion in sentencing him to 26

years' imprisonment (Claim 6) was never presented to the state courts at any level of

review.  Claims that were never presented to the state courts at any time were not fully and

fairly presented to the state courts and are procedurally defaulted.  Howard v. O'Sullivan,

185 F.3d 721, 725 (7th Cir. 1999); Rittenhouse v. Battles, 263 F.3d 689, 697 (7th Cir. 2001);

O'Sullivan v. Boerckel, 526 U.S. 838, 846, 117 S.Ct. 1728 (1999); Mahaffey v. Schomig,

294 F.3d 907, 919 (7th Cir. 2002).

Although the claim that he was wrongfully denied a self-defense instruction (Claim

1) was raised in his post-conviction petition and in his PLA, it was not fairly presented to

the Illinois Appellate Court.  Rather, on appeal from the denial of his post-conviction

petition, Wheatley admitted that the trial court "correctly ruled with regard to the first claim,"

as an instruction on self-defense was given, and the claim was therefore not considered

on the merits on appeal.  The same result applies to three of his ineffective assistance

claims (Claim 5), as his claims that counsel was ineffective for failing to ensure that

evidence of the victim's gang affiliation was admitted and for failing to preserve his claims

that the jury should have been instructed on self-defense and non-aggression for direct

appeal were not presented to the appellate court.  Failure to appeal a claim to the state

appellate court on post-conviction review results in procedural default.  Cawley v. DeTella,

71 F.3d 691, 694 (7th Cir. 1995); White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999).

Wheatley's claims that the jury was not properly instructed on a "lesser offense"

(Claim 3) and the mental state for attempted murder (Claim 4) were not raised in the state

courts at any time before his PLA from the denial of post-conviction relief.  As the Seventh

Circuit has held that presenting the claim for the first time in a petition for discretionary

review to the Illinois Supreme Court does not satisfy the fair presentment requirement, it

was not presented for one complete round of state court review and is procedurally

defaulted.  Wilson v. Briley, 243 F.3d 325, 328 (7th Cir. 2001); Castille v. Peoples, 489 U.S.

346, 351 (1989).

Procedurally defaulted claims can be reviewed by a federal court only upon a

showing of cause and prejudice or a fundamental miscarriage of justice.  Here, Wheatley

makes no real attempt to demonstrate cause for failing to raise the claims in state court or

failing to seek review in the Illinois Appellate Court.  The Petition is devoid of any argument

that he has suffered actual prejudice, and the closest he comes to attempting to

demonstrate cause is making the summary assertion that he is untrained in the law and at

most times was proceeding pro se.  Nevertheless, Wheatley was sophisticated enough to

file a pro se Petition for Leave to Appeal in his direct review and also pursued post-

conviction relief without the assistance of an attorney.  It is also well-settled in this circuit

that a petitioner's pro se status does not constitute adequate grounds for cause.  Harris,

334 F.3d at 668, citing Barksdale v. Lane, 957 F.2d 379, 385-86 (7th Cir. 1992).

Accordingly, he has not established cause or prejudice for his procedural default.

Nor does Wheatley make any valid attempt to invoke the fundamental miscarriage

of justice exception.   To properly invoke the narrow fundamental miscarriage of justice

exception, allegations of constitutional error must be supported by new, reliable evidence

that was not presented at trial.  Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 865 (1995).

A petitioner must then show "that it is more likely than not that no reasonable juror would

have convicted him in the light of the new evidence." Id. at 867-68; Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003).

Wheatley makes no showing that he is actually innocent of the charges against him and presents no new, reliable evidence which was not presented at trial. In fact, the only perceivable attempts to invoke this exception are the statement that the "'Miscarriage of justice' exception permits court to hear habeas petitioner's defaulted claim if failure to hear claim would result in miscarriage of justice. . . .That would occur here." These bald, conclusory statements are utterly insufficient to allow this Court to find that a fundamental miscarriage of justice would occur absent federal review.

In summary, Wheatley procedurally defaulted Claims 1, 3, 4, 6 and portions of Claim 5, by failing to fairly present them to the state courts, either because he did not present them to the Illinois Appellate Court on appeal from the denial of his post-conviction petition or because he never presented them at all in any petition. He has not demonstrated cause and prejudice to cure his default nor properly invoked the fundamental miscarriage of justice exception. Wheatley has therefore failed to excuse his procedural default. Accordingly, these claims are barred from further consideration in this Court.

## II.    Non-Cognizable Claim

Assuming that Wheatley had not procedurally defaulted his claim that the state court erred in not instructing the jury on a "lesser offense," the claim would nevertheless be non-cognizable. The argument in Claim 3 addresses the appropriateness of giving a proposed jury instruction, which the Seventh Circuit has held is a question of state law. Perruquet v. Briley, 390 F.3d 505, 510 (7th Cir. 2004).

## III.    Remaining Claims

With respect to claims that are not barred either for failure to exhaust or procedural default, federal courts must employ a strict analysis.   A petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also* Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. Id. at 869.  In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an unreasonable error. Id. at 870 (internal quotation marks omitted).  A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong."  Id. at 871, 876-77.   Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved.  A petitioner must rebut this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A.   Prosecutorial Misconduct

- 8 -

Wheatley contends that comments made by the prosecutor during closing arguments were improper as they were unsupported by evidence in the record. Specifically, he points to the following comments:

> If you have any doubt about the nicety, how nice he looks over here today in his nice white shirt, how he looked on the witness stand telling you this story, imagine those of you that have been in that position, perhaps a few of you have, imagine what its like, how you feel when that gun goes off and the last seconds of your life are going away from you rapidly and there's nothing, nothing you can do about it.  And imagine Damar Holloway, imagine being shot in the groin . . . Imagine how that young man felt. . . . Imagine what it was like to have that bullet hit you and then have this nice guy who's all dressed up today . . . walk up to you and put that gun to your head. And thank God when he shot him the third time now, empty cartridge.  Take that with you to the jury room I ask you.

(Post-Conviction Petition at 10)  Wheatley asserts that there was no evidence in the record indicating that any of the juror suffered the emotional feelings that the victims did when they were shot, thereby revealing that the only purpose the prosecutor had in making such comments was to inflame the fears, passions, and prejudices of the jury.

The trial court found that this portion of the prosecutor's closing argument was improper, but noted that there had been no objection to the argument at any level, which would result in waiver.  The trial court held that at most, the comments were a harmless error, and that the evidence of Wheatley's guilt was overwhelming.  On appeal, the Illinois Appellate Court concluded that the prosecutor's argument was improper, before going on to find that the remarks were not reversible error because Wheatley was not substantially prejudiced as a result.  The jury was instructed that closing argument was not evidence and that any argument that was not based on the evidence should be disregarded.  The jury was also instructed that it was not to be influenced by sympathy.  Accordingly, the

Appellate Court held that Wheatley had not stated the gist of a constitutional claim because the evidence was not closely balanced, and the outcome of the trial would not have been different but for the improper argument.

Wheatley argues summarily that his conviction and sentence were contrary to the laws and Constitution of the United States, but cites no law mandating a contrary result, much less clearly established federal law as set forth by the Supreme Court. Nor does he make any effort to establish that the state court's ruling was an unreasonable application of the law or make any challenge to the reasonableness of the state court's factual determination. Absent such a challenge, the factual findings of the state court are presumed to be correct for purposes of federal habeas review.

In Darden v. Wainwright, 477 U.S. 168 (1986), the Supreme Court set forth the standard for determining whether a defendant was prejudiced as a result of improper comments by the prosecutor. This involves consideration of six factors: (1) did the prosecutor misrepresent the evidence; (2) did the remarks implicate defendant's specific rights; (3) did the defense invite the response; (4) what instructions were given by the court; (5) what was the weight of the evidence against the defendant; and (6) did the defendant have an opportunity to rebut the comments? Id., at 181-82; Howard v. Gramley, 225 F.3d 784, 793 (7th Cir. 2000). "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id., at 181.

While the Illinois Appellate Court did not specifically cite Darden, it nevertheless applied the correct constitutional standard. It noted that Wheatley had not objected to any

of the comments at any time.  It considered the jury instructions and concluded that the jury had been adequately and properly instructed.  The Appellate Court then held that the evidence was not closely balanced, compelling the conclusion that the result of the trial would not have been different in the absence of the improper comments.  Thus, the state court's determination was neither contrary to nor an unreasonable application of Supreme Court precedent, and Wheatley is not entitled to habeas corpus relief on this claim.

B.     Ineffective Assistance of Counsel

The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984).  In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88.  The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690.  A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail.  United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991).

The ineffective assistance claims surviving for review are that his trial counsel failed to obtain a non-aggressor instruction and to preserve his claim that the prosecutor made improper comments to the jury during closing argument for appellate review.  Wheatley does not argue that the Illinois Appellate Court did not apply the proper law to the facts of

this case or that its determination of the facts was unreasonable.  In fact, he doesn't really make any substantive argument at all.  For this reason alone, his claims can be denied.

The Illinois Appellate Court clearly applied the proper standard in the form of Strickland.  The court noted that Wheatley's counsel had argued for a non-aggressor jury instruction based on the victim's threatening Wheatley.  Wheatley suggested that counsel should also have argued that he had been struck by the victim.  The court observed that the transcript revealed that counsel had done just that moments earlier and therefore did not need to bring that fact to the attention of the court twice.  The jury was instructed on self-defense and second degree murder.  The evidence also established that Wheatley went to the party, got into an altercation with his victims, left the party, went home, retrieved a gun, and then deliberately returned to the party where he knew the victims would be with the gun.  Given these circumstances, the non-aggressor (which provides that a person who has not provoked the use of force against him has no duty to attempt to escape before using force against the aggressor) instruction simply does not fit in with the facts, and the Illinois Appellate Court found that counsel's performance had not been deficient in failing to obtain a non-aggressor instruction.  Wheatley has not made any attempt to demonstrate that this decision was unreasonable, and the Court does not believe that such a finding is warranted on this record.

Wheatley's final argument is that counsel was ineffective for failing to preserve his claim of prosecutorial misconduct for appellate review.  The Illinois Appellate Court found that "[a]lthough it may have been error for the defendant's attorney not to object during closing argument to the prosecutor's closing argument or to raise it in a post[-]trial motion, it certainly does not rise to the level of ineffective assistance of counsel."  As the court had

already concluded that the prosecutor's remarks did not constitute plain error, it concluded that counsel was not ineffective for failing to object to them or file a post-trial motion with respect to the comments, as the result of the proceedings would necessarily have been the same.

Again, Wheatley has made no effort to demonstrate why this ruling was unreasonable. The Court has concluded that the comments did not prejudice Wheatley because the jury was properly instructed and the evidence of guilt was overwhelming. Thus, counsel's performance, even if deficient, did not result in actual prejudice to Wheatley, as there is no reasonable basis for finding that the result of the trial would have been different or that Wheatley was deprived of a fair trial. Wheatley is therefore foreclosed from relief on his ineffective assistance of counsel claims, as well.

## CONCLUSION

For the reasons set forth herein, Wheatley's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#5] is DENIED. This matter is now terminated.

ENTERED this 2nd day of April, 2008.


_____s/ Michael M. Mihm_____
Michael M. Mihm
United States District Judge

- 13 -